```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILLIAM GARY ROBINSON,

                Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           07-CV-2911(JS)(ETB)
VINCENT F. DeMARCO,[1]

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:    William Gary Robinson, pro se
                  07-A-7145
                  Riverview Correctional Facility
                  P.O. Box 247
                  Ogdensburg, NY 13669

For Defendant:    Richard T. Dunne, Esq.
                  Christine Malafi, Esq.
                  Suffolk County Department of Law
                  H. Lee Denninson Building
                  100 Veterans Memorial Highway
                  P.O. Box 6100
                  Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pro se Plaintiff William Gary Robinson ("Plaintiff") sued Defendant Vincent DeMarco ("Defendant"), the Suffolk County Sheriff, in a civil rights case arising out of the conditions at the Suffolk County jail. Pending before the Court is Defendant's unopposed motion for summary judgment (Docket Entry 38); for the following reasons, this motion is GRANTED.

---

[1] Plaintiff sued "Vincent Demarcco." The Clerk of the Court is respectfully directed to change the caption of this case to reflect the proper spelling of Defendant's name: Vincent DeMarco.

## BACKGROUND[2]

While incarcerated at the Suffolk County jail, Plaintiff filed a grievance concerning the air quality at the facility. (Def. 56.1 Stmt. ¶¶ 1, 3.) The jail's grievance processing unit accepted the grievance and noted that air quality issue was in the process of being addressed. (Id. ¶ 4; Def. Ex. C.) In fact, prior to Plaintiff's filing his grievance, Suffolk County (the "County") had contracted with private vendors to repair the ventilation system at the jail. (Def. 56.1 Stmt. ¶ 6.) Repairs continued even after Plaintiff was transferred to another correctional facility. (Id. ¶ 7.)

Plaintiff filed this action on July 16, 2007. On September 30, 2011, the Court so-ordered Defendant's proposed summary judgment briefing schedule which, in view of Plaintiff's incarceration, provided that Defendant would bundle his motion, Plaintiff's opposition brief, and Defendant's reply brief and file all of the papers with the Court on the same date. (Docket Entry 34.) Defendant did not receive an opposition brief from

---

[2] The following facts are taken from Defendant's Local Rule 56.1 Statement ("Def. 56.1 Stmt."). Plaintiff did not submit a counter-statement of material facts and, provided that the movant's facts are supported by admissible record evidence, a party's failure either to respond or contest an assertion set forth in the movant's 56.1 statement is considered an admission of that assertion. See Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003). The Court has reviewed Defendant's 56.1 statement and the record in this case and finds that Defendant's factual assertions are supported by the record.

Plaintiff by the specified date and requested guidance from the Court on how he should proceed. (Docket Entry 35.) On December 20, 2011, the Court directed Defendant to submit his moving papers and granted Plaintiff an additional thirty days to oppose. This time, however, the Court directed Plaintiff to submit his opposition directly to the Court. (Docket Entry 36.) Since that time, the Court has not received any response from Plaintiff, and it treats Defendant's motion as unopposed.

DISCUSSION

I. Legal Standard Governing Rule 56 Motions

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual

inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

Defendant does not prevail on his summary judgment motion simply because the motion is unopposed. Rule 56.1 of the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York requires that a moving party must submit a statement of alleged undisputed facts. Where, as here, the "nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, [this Court] may not grant the motion without

first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001); see also Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) ("The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically.").

II. <u>Defendant is Entitled to Summary Judgment</u>

Plaintiff asserts an Eighth Amendment conditions-of-confinement claim pursuant to Section 1983 of Title 42 of the United States Code ("Section 1983"). Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under this law, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United

5

States.  See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130, 143 (1999).

Here, Plaintiff claims that jail officials violated the Eighth Amendment by confining him in a facility whose air quality posed a serious risk to inmate safety. (See Compl. 4.) "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825, 831, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994)). To prevail on a Section 1983 claim grounded in the Eighth Amendment, Plaintiff must demonstrate that Defendant acted with "deliberate indifference" to Plaintiff's safety; "mere negligence will not suffice." Id. As the Second Circuit has explained, the "test for deliberate indifference is twofold." Id. "First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent." Id. Whether a state actor possessed the requisite culpable intent is itself a two-level analysis. Id. "Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that

risk by failing to take reasonable measures to abate the harm." Id.

Here, even assuming that the air quality at the Suffolk County jail was so poor that it posed a substantial risk of serious harm, Defendant's evidence conclusively undercuts the idea that jail officials disregarded that risk by failing to take steps to address the potential danger. Specifically, Defendant submitted invoices detailing the County's efforts to address air quality. In October 2006, it contracted to make improvements on the jail's air-conditioning systems. (Def. Ex. D.) These improvements included "exhaust duct cleaning and sanitizing." (Id.) The improvements continued in 2008. (Def. Ex. E.) Again, this work included cleaning and sanitizing air ducts. (Id.) This evidence shows that Defendant was not deliberately indifferent to Plaintiff's air-quality complaint. Accordingly, Plaintiff cannot mount a successful Eighth Amendment conditions-of-confinement claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Docket Entry 38) is GRANTED. The Clerk of the Court is respectfully directed to mail Plaintiff a copy of this Memorandum & Order and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: June __21__, 2012
       Central Islip, New York